# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBRA LYNN DAWKINS,<br><br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | Case No.     CIV-09-125-F |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff filed an application for SSI alleging a disability since August 3, 2005 (TR. 12). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 31, 30). Pursuant to the Plaintiff's request, a hearing *de novo* was held before an administrative law judge (ALJ) on June 6, 2007 (TR. 183-228). The Plaintiff appeared in person and with her non-attorney representative and offered her testimony in support of the application (TR. 189-220). A vocational expert (VE) also testified at the request of the ALJ (TR. 220-226). The ALJ issued his decision on April 16, 2008 finding that Plaintiff was not entitled to SSI (TR. 12-17). The Appeals Council denied the Plaintiff's request for review on December 3, 2008, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the application date, so the process continued (TR. 14). At step two, the ALJ concluded that Plaintiff had the following severe impairments: The residual effects of left foot surgery with hammer toe repair and depression (TR. 14). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14). At step four, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform her past relevant work (PRW) as a fast food worker and motel maid (TR. 17). Thus, at step four of the sequential analysis the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 17).

On appeal to this Court, Plaintiff alleges that the ALJ erred in failing to properly evaluate Plaintiff's credibility; erred in failing to properly develop the record; and erred in his RFC determination.

MEDICAL EVIDENCE

In October 2005, Paul A. Kammerlocher, M.D., performed surgery on Plaintiff to correct a recurrent bunion of her left lower extremity (TR. 80-81). In January 2006, Dr. Kammerlocher reported that Plaintiff was "doing fairly well, at this point" and recommended that she discontinue her Cam Walker boot and "wean into regular shoes" (TR. 176). Dr. Kammerlocher also stated that her "alignment was good" and that he would evaluate her for surgery to correct problems with her right foot (TR. 176). An April 2006 orthopedic examination by Dr. Zachery Knutson showed that the great toe was freely mobile except for a decreased amount of flexion; that extension was intact; that there was tenderness and paresthesias over her previous surgical site; and that her second toe had limited range of motion and decreased sensation (TR. 172).

In December 2005, Plaintiff underwent a consultative physical examination performed by James P. Metcalf, M.D., who found that she was alert and oriented; that she answered questions appropriately and had no cognitive disorder; and she had normal range of motion and muscle strength in her upper and lower extremities with the exception of limited range of motion of the upper spine (TR. 127-128). Dr. Metcalf further found that Plaintiff could walk on her heels but not her tiptoes; that she could tandem walk; that she was wearing a Cam Walker high-top boot on her left foot; and that she ambulated with a limp favoring the left lower extremity (TR. 127). Dr. Metcalf's impression was of chronic low back pain, status post surgery on her left foot; chronic left foot pain; and a painful bunion of the right foot (TR. 127-128). Dr. Metcalf also reported that Plaintiff ambulates at about ¾ of a normal pace due to her Cam Walker; and that she has no chronic pain behaviors or malingering behaviors (TR. 128).

In January 2006, Plaintiff underwent a consultative psychological evaluation performed by R. Keith Green, Ph.D, who concluded that she displayed limitations in capacity for retaining new learning and fund of knowledge; that her numerical reasoning and concentration fluctuated in quality; and that she worked at a slow pace and was able to retain and carry out simple and many detailed instructions, although she had difficulty on more complex ones, particularly those involving literacy skills (TR. 136). Dr. Green's diagnostic impression was of major depressive disorder, recurrent, with psychotic features, "R/O Learning Disorder" and "R/O Mental Retardation" (TR. 136). Dr. Green recommended that Plaintiff undergo "psychodiagnostic testing appropriate to the claimant's capability level" (TR. 136).

Also in January 2006, agency physicians completed a mental RFC assessment in which they concluded that Plaintiff was "Markedly Limited" in her ability to understand and remember detailed instructions, her ability to carry out detailed instructions, and her ability to interact appropriately with the general public (TR. 155). Agency physicians concluded that Plaintiff could perform simple tasks with routine supervision; and that she could not relate to the general public (TR. 156).

In February 2006, a physical RFC assessment was completed by agency physicians in which they concluded that Plaintiff was able to occasionally lift and/or carry 50 pounds, frequently lift and/or carry 25 pounds; and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 159). Agency physicians also concluded that Plaintiff was limited to occasional stooping (TR. 160). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 159-164).

At the hearing, Plaintiff testified that she was prevented from working because of her feet; that she cannot wear "closed-in" shoes; and that walking more than a few blocks causes her to limp and her feet to ache (TR. 197-198, 201). She also testified that she has difficulty with depression, and with her back, knees and hands (TR. 203-204, 207).

# I.

Plaintiff argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 26-29). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning

5

which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer some discussion of Plaintiff's credibility (TR. 16-17). However, the ALJ ignores the analysis required by *Kepler* and neglects to discuss Plaintiff's attempts to obtain relief, the frequency of medical contacts, the nature of daily activities, or the consistency or compatibility of nonmedical testimony with objective medical evidence. The ALJ's anaylsis of Plaintiff's credibility amounts to little more than a restatement of the medical evidence where a more meaningful discussion is required. The ALJ's credibility analysis is insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## II.

Plaintiff argues that the ALJ failed to properly develop the record with regard to Plaintiff's mental impairment by not obtaining additional psychological testing (See Plaintiff's Brief at pages 22-25). Although a claimant has the general duty to prove disability, a social security disability hearing is a non-adversarial proceeding and an ALJ has a duty to develop the factual record. *Musgrave v. Sullivan*, 996 F.2d 1371, 1374 (10th Cir. 1992). The ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues. *Baca v. Department of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993). The statutes require that "[i]n making any determination the Commissioner of Social Security shall make every reasonable effort to obtain

from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, *necessary in order to properly make such determination*, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C. § 423(d)(5)(B) (emphasis added).

The Commissioner has broad latitude in ordering consultative examinations. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). See *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir.1990). Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. 20 C.F.R. § 404.1519a(b)(4); *Thompson v. Sullivan*, 987 F.2d 1482, 1491 (10th Cir.1993).

The medical evidence does not appear to be either in direct conflict or inconclusive so as to require a consultative opinion. 20 C.F.R. §404.1519a(b)(4); 20 C.F.R. § 416.919a(b)(4). However, the consultative psychological examiner, Dr. Green, specifically recommended that Plaintiff undergo "psychodiagnostic testing appropriate to the claimant's capability level" (TR. 136). The Commissioner ignored Dr. Green's recommendation. Absent additional testing, the ALJ is left to substitute his own judgment for that of an expert in determining whether Plaintiff had the ability to perform either her PRW at step four or additional jobs in the national economy which the ALJ found in his alternative step five finding that she could perform (TR. 17). The ALJ's duty to fully and fairly develop the medical record is heightened where, as here, the Plaintiff is represented by a non-attorney (TR. 12, 24). *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993). On remand, the Commissioner should follow the recommendation of Dr. Green and order that appropriate additional testing be conducted.

# III.

Plaintiff last assignment of error is that the ALJ failed to properly determine Plaintiff's RFC. The ALJ's error in failing to properly develop the record serves to taint his RFC determination. Thus, Plaintiff's last assignment of error will not be discussed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 14th day of January, 2010.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE